# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; NEW LINE PRODUCTIONS, INC., a Delaware corporation; JUDY SPERA, in her individual capacity and as the personal representative and executrix of the Estate of Lorraine Warren; and TONY SPERA, an individual,<br><br>                 Plaintiffs,<br><br>v.<br><br>BEA LOYD (a.k.a. TAFFY SEALYHAM, ALI MAZUREN, J. SMITH, and JANE SMITH), an individual; GALAXTIC MEDIA LTD., a United Kingdom corporation; METAGALAXTIC, LLC, a New Mexico limited liability company; OMNIMEDIA, LLC, a New Mexico limited liability company; COHEN GOLDBERG & SMITH, LLC, a New Mexico limited liability company; SEEKERS OF THE SUPERNATURAL LTD, a United Kingdom corporation; SEEKERS OF THE SUPERNATURAL, LLC, a New Mexico limited liability company; and Does 1-5,<br><br>                 Defendants. | |

## COMPLAINT

For their complaint, Plaintiffs Warner Bros. Entertainment Inc., New Line Productions, Inc., Judy Spera and Tony Spera allege as follows:

1.      This is a case about the Defendants' fraudulent scheme to usurp Plaintiffs' intellectual property rights relating to the late Ed and Lorraine Warren, a couple famous for their paranormal investigations. The Warrens' investigations have inspired or have been adapted into books, a television series, and movies. Most recently and notably, they inspired the hugely successful *Conjuring* movie franchise, which generated more

than $1.8 billion at the worldwide box office.

2.      Defendant Bea Loyd is the apparent architect of the Defendants' illegal enterprise. Ms. Loyd had a minor role working for Ed and Lorraine Warren on their *Seekers of the Supernatural* television series in the late 1990s. After release of *The Conjuring* movie in 2013, Ms. Lloyd apparently decided to capitalize on the success of the movie by trying to steal and exploit Plaintiffs' intellectual property through a series of unlawful acts. Upon information and belief, Ms. Loyd engaged in these unlawful acts under her own name, through various aliases that she contrived (including "Taffy Sealyham," "Ali Mazuren," "Jane Smith," and "J. Smith"), and through various shell entities that she formed (the five entities that are named as defendants).

3.      Defendants' unlawful acts include: (a) fraudulently registering the Warrens' personal names -- ED AND LORRAINE WARREN -- as a federal trademark, supported by false statements made under penalty of perjury to the United States Government and an apparently forged written consent from Lorraine Warren; (b) fraudulently registering copyrights using content from the Warrens' *Seekers of the Supernatural* television series with the United States Copyright Office; (c) registering the Warrens' names and the *Seekers of the Supernatural* mark as domain names with the bad faith intent to profit from the domains; (d) using the Warrens' names and likenesses for commercial purposes in blatant violation of their rights of publicity; and (e) selling infringing copies of the Warrens' works through multiple websites. Incredibly, after stealing the Plaintiffs' intellectual property, Defendants then used the stolen rights to interfere with the Plaintiffs' sale of licensed works – which is how Plaintiffs recently learned of Defendants' unlawful activities.

4.      Plaintiffs seek injunctive relief, cancellation of the fraudulent trademark registration and copyright registrations, transfer of the domain names, a seizure and

110284370.1

destruction order, an impoundment order, damages (including punitive damages), and attorneys' fees and costs against each of the Defendants.

## PARTIES

5.      Plaintiff Warner Bros. Entertainment Inc. ("Warner Bros.") is a Delaware corporation with its principal place of business at 4000 Warner Boulevard, Burbank, California 91522. Warner Bros. is a fully integrated, broad-based entertainment company and a global leader in the creation, production, distribution, licensing and marketing of all forms of entertainment and their related businesses.

6.      Plaintiff New Line Productions, Inc. ("New Line") is a Delaware corporation with its principal place of business at 4000 Warner Boulevard, Burbank, California 91522. New Line is a wholly owned subsidiary of Warner Bros. New Line is a production company that has produced numerous successful movies, including *IT, Shazam!, Sex and the City, Elf,* and *Wedding Crashers*, and movie franchises such as *The Hobbit*, *The Lord of the Rings, A Nightmare on Elm Street, Austin Powers, Rush Hour, Dumb and Dumber* and *The Conjuring*.

7.      Plaintiff Judy Spera is an individual who resides in New Milford, Connecticut. Ms. Spera is the daughter and only child of Ed and Lorraine Warren, who passed away in 2006 and 2019, respectively. Ms. Spera is the personal representative and executrix of the Estate of Lorraine Warren. Ms. Spera has succeeded to the intellectual property and publicity rights of Ed and Lorraine Warren.

8.      Plaintiff Tony Spera is an individual who resides in New Milford, Connecticut. Mr. Spera is Judy Spera's husband and the son-in-law of Ed and Lorraine Warren. Mr. Spera worked with the Warrens since the 1980s until their respective deaths.

9.      Defendant Bea Loyd is an individual who, upon information and belief, resides in Vancouver, Canada, and has a mailing address of 1425 Marine Boulevard #207, West Vancouver, Canada V7T 1B9. Upon information and belief, Ms. Loyd uses

various aliases including Taffy Sealyham, Ali Mazuren, J. Smith and Jane Smith.

10.     Cohen Goldberg and Smith LLC ("CGS") is a New Mexico limited liability company with an unknown principal place of business. Upon information and belief, Ms. Loyd owns and controls CGS.

11.     Upon information and belief, Defendant Galaxtic Media Ltd. ("Galaxtic") is a corporation formed under the laws of the United Kingdom with its principal place of business at Studio 6, Vaynor House, Vaynor Road, Milford Haven, United Kingdom SA732NB. Upon information and belief, Ms. Loyd owned and controlled Galaxtic. Upon information and belief, Galaxtic has been dissolved.

12.     Upon information and belief, Defendant Metagalaxtic, LLC ("Metagalaxtic") is a New Mexico limited liability company with an unknown principal place of business. Upon information and belief, Ms. Loyd owns and controls Metagalaxtic.

13.     Upon information and belief, Omnimedia, LLC ("Omnimedia") is a New Mexico limited liability company with an unknown principal place of business. Upon information and belief, Ms. Loyd owns and controls Omnimedia. Upon information and belief Omnimedia, LLC is sometimes incorrectly referred to by Defendants as Omnimedia Publishing LLC.

14.     Seekers of the Supernatural LLC ("Seekers LLC") is a New Mexico limited liability company with an unknown principal place of business. Upon information and belief, Ms. Loyd owns and controls Seekers LLC.

15.     Upon information and belief, Seekers of the Supernatural Ltd. ("Seekers Ltd.") is a corporation formed under the laws of the United Kingdom with its principal place of business at Studio 6, Vaynor House, Vaynor Road, Milford Haven, United Kingdom SA732NB. Upon information and belief, Ms. Loyd owns and controls Seekers Ltd.

16.     Upon information and belief, Ms. Loyd is the alter ego of CGS, Galaxtic, Metagalaxtic, Omnimedia, Seekers LLC and Seekers Ltd. and has treated these entities

as her own, failed to follow the corporate or company formalities, operated the entities from the same physical addresses, failed to adequately capitalize the entities, used the entities as subterfuges for illegal activities, and commingled assets between herself and these entities. Upon information and belief, each of these entities is the alter ego of one another for the same reasons.

## JURISDICTION AND VENUE

17.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201, because Plaintiffs' claims against Defendants arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*. and the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. This Court has supplemental jurisdiction over Plaintiffs' common law claims pursuant to 28 U.S.C. § 1367, because such claims are so related to claims in the action over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

18.    This Court has personal jurisdiction over Ms. Loyd because, upon information and belief, she is a resident of Canada and is not subject to personal jurisdiction in any state's courts of general jurisdiction and exercising personal jurisdiction over Ms. Loyd is consistent with the United States Constitution. Ms. Loyd's contacts with the United States as a whole form the basis for personal jurisdiction since she has, among other things, registered the ED AND LORRAINE WARREN trademark at issue with the United States Patent and Trademark Office ("USPTO"), claimed that she is using the ED AND LORRAINE WARREN mark in commerce in the United States, registered the fraudulent copyrights at issue with the United States Copyright Office, registered infringing domain names with a registrar based in the United States, sold and is offering for sale in the United States works that infringe Plaintiffs' copyrights, and committed tortious acts of interference by sending improper takedown notices to sellers of Plaintiffs' works in the United States. Plaintiffs' claims arise out of or relate to Ms. Loyd's contacts with the United States and the Court's exercise of jurisdiction over her

would be reasonable.

19.     This Court has personal jurisdiction over Defendants CGS, Omnimedia, Metagalaxtic, and Seekers LLC, because they are limited liability companies formed under the laws of the State of New Mexico.

20.     This Court has personal jurisdiction over Defendants Galaxtic and Seekers Ltd. because they are foreign entities not subject to personal jurisdiction in any state's courts of general jurisdiction and exercising personal jurisdiction over them is consistent with the United States Constitution. Galaxtic's contacts with the United States as a whole form the basis for personal jurisdiction, because Galaxtic applied for the registration of the ED AND LORRAINE WARREN trademark at issue with the USPTO and claimed that it was using the mark in commerce in the United States.  Seeker Ltd.'s contacts with the United States as a whole form the basis for personal jurisdiction, because Seekers Ltd. filed for one of the copyright registrations at issue with the United States Copyright Office.

21.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and (3), because a substantial part of the events or omissions giving rise to the claim occurred in this district or, alternatively, there is no district in which the action may otherwise be brought and Defendants are subject to the Court's personal jurisdiction.

## GENERAL ALLEGATIONS

22.     Edward Warren Miney (commonly known as Ed Warren) and Lorraine Rita Miney (commonly known as Lorraine Warren) were American paranormal investigators and authors. Ed Warren was a United States Navy veteran of World War II who became a self-taught and self-professed demonologist, author, and lecturer. His wife, Lorraine Warren, professed to be clairvoyant and a light trance medium who worked closely with Ed Warren.

23.     Ed and Lorraine Warren authored (or were the subject of) numerous books about the paranormal and about their private investigations into various reports of

110284370.1

paranormal activity. They investigated hundreds of cases during their career.

24.      The Warrens' investigations inspired or have been adapted for dozens of books, television series, and major motion pictures, including the hugely successful *Conjuring* movie franchise and the Warrens' television series *Seekers of the Supernatural*, which was created and aired in the late 1990s.

25.      Plaintiffs Tony Spera and the Estate of Lorraine Warren own United States copyright registration No. Pau 3-769-603 for audio-visual recordings of the *Seekers of the Supernatural* series. The copyright registration was issued on February 10, 2015. A true and accurate copy of the registration certificate is attached hereto as **Exhibit A**.

26.      Plaintiff New Line owns and has licensed to Warner Bros. the exclusive life story rights  of Ed and Lorraine Warren, all of the Warrens' case files, publishing rights to all of their case files, and the right to use the Warrens' names and likeness in connection with the property rights that New Line acquired. New Line produced films based on the case files of Ed and Lorraine Warren. The inaugural film was *The Conjuring*, which was released in 2013 and generated more than $300 Million at the box office. Subsequent films in The Conjuring Universe include *The Conjuring 2* (2015), *Annabelle* (2014), *Annabelle: Creation* (2017), *Annabelle Comes Home* (2019) and *The Nun* (2018). Together these films have garnered over $1.8 billion at the worldwide box office. New Line is expected to release the next film in the franchise, *The Conjuring 3*, in 2020.

27.      Plaintiffs New Line and the Estate of Lorraine Warren own United States Copyright Registration No. TX0000628075 for "The Demonologist, the Extraordinary Career of Ed and Lorraine Warren" by Gerald Brittle and Ed and Lorraine Warren and the life story rights of Ed and Lorraine Warren. (Brittle assigned his rights to New Line and the assignment was recorded as document V9946D709 with the United States Copyright Office on December 19, 2017.)  A true and accurate copy of the Copyright Office abstract for this registration is attached hereto as **Exhibit B**.

110284370.1

28.     Plaintiffs Tony Spera and Judy Spera own common law rights in and have applied for a federal trademark registration for the ED & LORRAINE WARREN mark (Serial No. 88608770) for a series of books and articles in the field of the supernatural and paranormal in Class 16 with a date of first use in 1981. On December 13, 2019, the USPTO issued an Office Action refusing registration of their application based on, among other things, likelihood of confusion with Defendants' fraudulent registration of the ED & LORRAINE WARREN trademark. Tony and Judy Spera also own common law rights in the ED & LORRAINE WARREN mark for a series of books and articles in the field of the supernatural and paranormal and for the SEEKERS OF THE SUPERNATURAL mark based on the Warrens' use of the mark for the television series.

29.     Plaintiff Judy Spera owns the post-mortem rights of publicity of Ed and Lorraine Warren subject to New Line's ownership of such rights in connection with the life stories and other rights that New Line acquired.

### ***Defendants' Initial Infringing Conduct***

30.     In or around the Fall of 2014, counsel for Lorraine Warren and the Estate of Ed Warren learned that Defendants Omnimedia and CGS had created and were selling more than 100 titles of books, ebooks, MP3 recordings, and other audio-visual materials using content from the Warrens' *Seekers of the Supernatural* series.

31.     On November 5, 2014, counsel sent a cease and desist letter to Omnimedia and CGS demanding that they cease selling the infringing works. They did not respond. However, counsel was able to stop sales of the infringing works by submitting "takedown notices" to online sellers of the works.

32.     During the period between November 2014 and July 2019, Plaintiffs believed that Omnimedia and CGS had ceased their infringing conduct. However, as Plaintiffs recently discovered, within a couple of weeks after counsel sent out the November 2014 cease and desist letter, Ms. Loyd directly or through the other Defendants engaged in a campaign to fraudulently register trademarks and copyrights

owned by the Warrens, register and use domain names containing Plaintiffs' marks, sell copies of works that infringe the Plaintiffs' copyrights, and interfere with the Plaintiffs' sale of lawful copies of works relating to the Warrens.

### _Defendants' Fraudulent Trademark Registration_

33.     On November 16, 2014, Defendant Galaxtic filed a trademark application for the ED AND LORRAINE WARREN mark with USPTO for: (a) audio and video recordings, downloadable films, television programs, video recordings, MP3 files, and audio books all in the field of supernatural and paranormal in International Class 9; and (b) for a series of books and written articles in the field of supernatural and paranormal in International Class 16. Galaxtic claimed a date of first use of "at least as early as January 1, 2006." The specimens that Galaxtic submitted to support the application included printouts of sales listings on Amazon for videos and MP3 recordings comprised of "Conversations with Ed and Lorraine Warren" from their _Seekers of the Supernatural_ series from the late 1990s – a series owned by Plaintiffs.

34.     In support of the trademark application, a representative of Galaxtic signed a declaration stating, in pertinent part, that: (1) Galaxtic believes that it is "the owner of the trademark/service mark sought to be registered"; and (2) "to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive." The applicant acknowledged that "willful false statements and the like" in the application were "punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001 . . ."

35.     On March 15, 2015, the USPTO issued an Office Action asking Galaxtic to disclose whether Ed and Lorraine Warren were living individuals and, if so, to provide written consent to the use and registration of their names, personally signed by them.

36.    On August 26, 2015, Galactic responded to the Office Action indicating that Mr. Warren was deceased and providing a purported written consent from Ms. Warren. Upon information and belief, Ms. Warren's signature was forged on the written consent. The USPTO accepted the purported written consent and approved the application for publication.

37.    On February 2, 2016, the USPTO issued a registration certificate (U.S. Registration No. 4894285) for the ED AND LORRAINE WARREN mark to Galactic.  A true and accurate copy of the registration is attached as **Exhibit C**.

38.    On August 15, 2017, Galactic purportedly assigned the rights in the ED AND LORRAINE WARREN mark to Ms. Loyd. On September 23, 2017, Ms. Loyd filed the assignment with the USPTO.

39.    On May 19, 2019, Galaxtic submitted a change of address form to the USPTO to change the address of record from Galaxtic's United Kingdom address to Metagalaxtic Inc. (a Delaware corporation) at the 1425 Marine Drive, #207, West Vancouver, Canada V7T 1B9. The Vancouver address is the same addressed used by Ms. Loyd in her correspondence with the USPTO.

40.    On July 15, 2019, Ms. Loyd informed the USPTO that Ms. Warren had died on April 19, 2019, and Ms. Loyd asked the USPTO to amend the registration to reflect that fact. In addition, Ms. Loyd asked the USPTO to reissue the registration certificate in the name of Bea Loyd, a U.S. citizen, rather than Bea Loyd, a Canadian citizen. On the same day, Ms. Loyd filed another change of address with the USPTO from Metagalaxtic Inc. at the Vancouver address to Ms. Loyd at the same Vancouver address.

### ***Defendants' Fraudulent Copyright Registrations***

41.    Upon information and belief, Ms. Boyd orchestrated the filing of false and fraudulent United States copyright applications in November 2014 and March 2015 using her aliases or pseudonyms and one of her entities.

110284370.1

42.    On November 18, 2014, Defendant Seekers Ltd. applied for and subsequently obtained United States Copyright Registration No. PA0001929774 for eighteen (18) DVDs entitled "Ed and Lorraine Warren Collection" with the alternative title "Seekers of the Supernatural." The application included a list of several of Ed and Lorraine Warren's works. The claimed author was "Ali Mazuren" of Spain with the same address used by Galaxtic in the United Kingdom. The copyright application was filed within weeks after Plaintiffs' November 5, 2014, cease and desist letter to Galaxtic and CGS. A true and accurate copy of the Copyright Office abstract of the registration is attached as **Exhibit D.** Upon information and belief, the copyrights in the DVDs for which Seekers Ltd. sought and obtained registration were audio-video works created by the Warrens from the "Seekers of the Supernatural" series and for which Plaintiffs own copyrights.

43.    On November 20, 2014, "Taffy Sealyham" (an apparent alias for Ms. Loyd) applied for and subsequently obtained United States Copyright Registration No. TX008079091 for a work entitled "Deliver Us from Evil" with the alternative title "Seekers of the Supernatural" from the "Ed and Lorraine Warren" series. The claimed author was Taffy Sealyham of the United Kingdom, with the same address used by Galaxtic in the United Kingdom. The copyright application was filed within weeks after Plaintiffs' November 5, 2014, cease and desist letter to Galaxtic and CGS. A true and accurate copy of the Copyright Office abstract of the registration is attached as **Exhibit E**. Upon information and belief, the copyrights in the DVDs for which Taffy Sealyham sought and obtained registration were works created by the Warrens.

44.    On March 25, 2015, "J. Smith" (an apparent alias for Ms. Loyd) applied for and subsequently obtained United States Copyright Registration No. TX0007994956 for 47 works written by the Warrens. The copyright application indicates that the works were "taken from the files of Ed and Lorraine Warren" and "Seekers of the Supernatural." The claimed author was "Taffy Sealyham, pseud. of Cohen Goldberg and Smith" (defined

above as "CGS"), with the same address as Galaxtic in the United Kingdom. The copyright claimant was "J. Smith" with the same address as Galaxtic in the United Kingdom.  The application contained a list of works from "Ed and Lorrain Warren." A true and accurate copy of the Copyright Office abstract of the registration is attached as **Exhibit F**.  Upon information and belief, the copyrights in the DVDs for which J. Smith sought and obtained registration were works created by the Warrens and for which the Plaintiffs own copyrights.

### ***Defendants' Additional Unlawful Conduct***

45.     In addition to procuring fraudulent trademark and copyright registrations, upon information and belief, Ms. Loyd has engaged in other conduct that infringes the Plaintiffs' intellectual property rights.

46.     Upon information and belief, Ms. Loyd (either directly or through one of the Defendants) registered the <edandlorrainewarren.com> domain name and website ("Infringing Website"). The Infringing Website uses the names and images of Ed and Lorraine Warren  and states: "New Website and Books Coming August 15, 2019."  The domain registrant information is protected through a domain name privacy service.

47.     Upon information and belief, Ms. Loyd (either directly or through one of the Defendants) registered the <seekersofthesupernatural.com> domain name. The domain registrant information is protected through a domain name privacy service. The domain name auto-forwards to the Infringing Website.

48.     Upon information and belief, Ms. Loyd (either directly or through one of the Defendants) registered and is using the Facebook user name Taffy Sealyham to promote "Seekers of the Supernatural" works. The Facebook page references the <edandlorrainewarren.com> and <seekersofthesupernatural.com> domain names.

49.     Upon information and belief, Ms. Loyd (either directly or through one of the Defendants) created a YouTube channel under the Ali Mazuren name. The YouTube channel features numerous episodes of the Warrens' "Seekers of the Supernatural"

110284370.1

series. Each episode uses the <edandlorrainewarren.com> and <seekersofthesupernatural.com> domain names to drive traffic to the Infringing Website.

50.     Upon information and belief, Ms. Loyd (either directly or through one or more of the Defendants) is selling books, ebooks, MP3 recordings, and other audio-visual materials using content primarily derived from the Warrens' "Seekers of the Supernatural" series in violation of Plaintiffs' copyrights, trademark rights and rights of publicity (collectively, "Infringing Works"). Attached as **Exhibit G** is a list of the Infringing Works. Upon information and belief, the Infringing Works are transcribed or sound recordings of episodes of the Warrens' "Seekers of the Supernatural" series.   Upon information and belief, Omnimedia and CGS are identified as the publishers of the Infringing Works.

51.     Upon information and belief, Ms. Loyd (either directly or through one or more of the Defendants) is selling the Infringing Works on various online ecommerce platforms, including Amazon.com, AppleBooks, BarnesandNoble.com, BookBaby.com, BookShout.com, and CDBaby.com.

52.     Upon information and belief, Ms. Loyd (either directly or through one of more of the Defendants) is selling an ebook entitled "Annabelle: The Cursed Doll."  Upon information and belief, the "Annabelle" book is a copy or derivative work based on a chapter of "The Demonologist," by Ed and Lorraine Warren and Gerard Brittle. (Plaintiffs New Line and the Estate of Lorraine Warren own the copyrights in "The Demonologist" book).

53.     In addition to creating and selling the Infringing Works, Ms. Loyd is actively interfering with the Plaintiffs' enjoyment of their intellectual property rights. In July 2019, Ms. Loyd sent takedown notices to the copyright agents for Barnes & Noble and Ingram Content Group, among others, claiming that she was the owner of the ED AND

LORRAINE WARREN mark and that the bookstores' sale of books written by Ed and Lorraine Warren and others violated her trademark rights.

54. On September 11, 2019, counsel for Plaintiffs sent a cease and desist letter to Ms. Loyd demanding that she cease her infringing conduct. She did not respond.

55. Upon information and belief, Ms. Loyd and each of the Defendants directly infringed Plaintiffs' intellectual property rights as set forth herein.

56. Upon information and belief, Ms. Loyd knew of and had the right to control the infringement by the other Defendants of Plaintiffs' intellectual property rights and materially contributed to or induced the infringement. As a result, Ms. Loyd is contributorily liable for the infringing conduct of the other Defendants.

57. Upon information and belief, Ms. Loyd had the right and ability to supervise the infringement by the other Defendants and financially benefited from the infringement. As a result, Ms. Loyd is vicariously liable for the infringing conduct of the other Defendants.

**COUNT I**
**(Unfair Competition under the Lanham Act,**
**15 U.S.C. § 1125(a)(1)(A))**

58. Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

59. Plaintiffs own common law trademark rights in the ED AND LORRAINE WARREN mark and the SEEKERS OF THE SUPERNATURAL mark for books, audio-visual recordings, and other works relating to the paranormal and supernatural.

60. Defendants' use of the ED AND LORRAINE WARREN mark and the SEEKERS OF THE SUPERNATURAL mark in commerce constitutes use of a word, term, name, symbol, or device, or combination thereof, that is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiffs in violation of 15

U.S.C. § 1125(a).

61.     Defendants' acts of unfair competition have caused Plaintiffs to suffer irreparable injury and monetary damages in an amount to be determined at trial.

62.     Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

## COUNT II
### (Cancellation of Federal Trademark Registration under the Lanham Act, 15 U.S.C. § 1064)

63.     Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

64.     Plaintiffs own common law trademark rights in the ED AND LORRAINE WARREN mark.

65.     Defendants obtained registration of the ED AND LORRAINE WARREN mark (U.S. Registration No. 4894285) by making false and material representations of fact in the trademark application with the intent to deceive the USPTO.

66.     Upon information and belief, Defendants' fraudulent registration has caused Plaintiffs to suffer injury.

## COUNT III
### (Cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(c), as to <edandlorrainewarren.com>)

67.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

68.     Defendants    registered,    trafficked    in,    and/or    used    the <edandlorrainewarren.com> domain name.

69.     The <edandlorrainewarren.com> domain name is confusingly similar to Plaintiffs' ED AND LORRAIN WARREN mark and contains the names of Ed and Lorraine Warren.

110284370.1

70.     Plaintiffs' ED AND LORRAINE WARREN mark and personal names was distinctive when Defendant registered, trafficked in, and/or used the <edandlorrainewarren.com> domain name.

71.     Upon information and belief, Defendants had or have a bad faith intent to profit from Plaintiffs' mark when they registered, trafficked in, and/or used the <edandlorrainewarren.com> domain name.

72.     Defendants' cybersquatting has caused Plaintiffs to suffer irreparable injury and monetary damages in an amount to be determined at trial.

73.     Upon information and belief, Defendants' misconduct is willful, intentional, and/or conducted in bad faith, thereby rendering this case exceptional within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**COUNT IV**
**(Cybersquatting under the Anticybersquatting**
**Consumer Protection Act, 15 U.S.C. § 1125(c),**
**as to <seekersofthesupernatural.com>)**

74.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

75.     Defendants registered, trafficked in, and/or used the <seekersofthesupernatural.com> domain name.

76.     The <seekersofthesupernatural.com> domain name is confusingly similar to Plaintiffs' SEEKERS OF THE SUPERNATURAL mark.

77.     Plaintiffs' SEEKERS OF THE SUPERNATURAL mark was distinctive when Defendant registered, trafficked in, and/or used the <seekersofthesupernatural.com> domain name.

78.     Upon information and belief, Defendants had or have a bad faith intent to profit from Plaintiffs' mark when they registered, trafficked in, and/or used the < <seekersofthesupernatural.com> domain name.

110284370.1

79.     Defendants' cybersquatting has caused Plaintiffs to suffer irreparable injury and monetary damages in an amount to be determined at trial.

80.     Upon information and belief, Defendants' misconduct is willful, intentional, and/or conducted in bad faith, thereby rendering this case exceptional within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT V
### (Copyright Infringement,
### 17 U.S.C. § 501 *et seq.*)

81.     Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

82.     Plaintiffs Tony Spera and Judy Spera (as the successor-in-interest to the rights of Lorraine Warren) own a valid United States copyright registration (No. Pau 3-769-603) for audio-visual recordings of the "Seekers of the Supernatural" television series.

83.     Plaintiff New Line and the Estate of Lorraine Warren own a valid United States copyright registration (No. TX0000628075) for the textual work, "The Demonologist, the Extraordinary Career of Ed and Lorraine Warren."

84.     Defendants have reproduced and are distributing the Infringing Works, which are derivatives of one of more of the works protected by the Plaintiffs' copyright registrations.

85.     Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement.

86.     Defendants' infringing conduct has caused Plaintiffs to suffer irreparable injury and monetary damages in an amount to be determined at trial.

87.     Defendants' infringing conduct was willful within the meaning of the Copyright Act of 1976.

88.     Plaintiffs are entitled to an award of actual or statutory damages for each instance of copyright infringement by Defendants plus attorneys' fees, and all associated

costs.

## COUNT VI
### (Cancellation of Copyright Registrations)

89.     Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

90.     Defendant Loyd filed for and obtained United States Copyright Registration Nos. PA0001929774, TX008079091 and TX0007994956 under the names Taffy Sealyham, Ali Mazuren, and J. Smith, respectively.

91.     Defendant's copyright applications were false and fraudulent in that Defendants were not the authors or authorized copyright claimants for the works for which the Defendants sought registration.

92.     Defendant's copyright registrations are subject to cancellation by order of the Court pursuant to the Compendium of U.S. Copyright Office Practices 1807.4(E).

## COUNT VII
### (Violation of Common Law Right of Publicity)

93.     Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

94.     Plaintiffs succeeded to Ed and Lorraine Warren's rights of publicity in their names, images and likenesses.

95.     Defendants have violated these rights of publicity by using Ed and Lorraine Warren's names, images and likenesses for commercial purposes and otherwise without the consent of the Plaintiffs as their successor in interest.

96.     As the direct and proximate result of Defendants' violation of these rights of publicity, Plaintiffs have suffered irreparable injury and damages in an amount to be determined at trial.

110284370.1

## COUNT VIII
### (Common Law Trademark infringement)

97.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

98.     Defendants' use of the ED AND LORRAINE WARREN and the SEEKERS OF THE SUPERNATURAL marks is likely to confuse consumers as to the source or origin of Plaintiffs' goods and/or services and constitutes trademark infringement under the common law.

99.     As the direct and proximate result of Defendants' trademark infringement, Plaintiffs have suffered irreparable injury and damages in an amount to be determined at trial.

## COUNT IX
### (Common Law Unfair Competition)

100.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

101.    Defendants' use of the ED AND LORRAINE WARREN and the SEEKERS OF THE SUPERNATURAL marks constitutes false designation of origin and unfair competition in violation of the common law.

102.    As a direct and proximate result of Defendants' unfair competition, Plaintiffs has irreparable injury and damages in an amount to be determined at trial.

## COUNT X
### (Tortious Interference with
### Prospective Economic Advantage)

103.    Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

104.    Plaintiffs have economic relationships with third parties for the sale of books and other works based on the Warrens' *Seekers of the Supernatural* series.

19

105.    Plaintiffs' economic relationships carried the probability of future economic benefit to the Plaintiffs.

106.    Defendants' knew of Plaintiffs' economic relationships with such third parties.

107.    Defendants engaged in wrongful conduct to disrupt Plaintiffs' relationship by sending takedown notices to such third parties.

108.    Defendants knew that such disruption was substantially certain to occur.

109.    As a result of Defendants' conduct, Plaintiffs' relationships with third parties was actually disrupted.

110.    As the direct and proximate cause of such disruption, Plaintiffs have suffered irreparable harm and damages in an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court:

A.      Enter judgment in favor of Plaintiffs and against Defendants on all claims;

B.      Enter a temporary, preliminary and permanent injunction enjoining each of the Defendants and their respective officers, agents, servants and those persons in active concert or participation with them from directly or indirectly: (1) infringing Plaintiffs' rights in the ED AND LORRAINE WARREN and the SEEKERS OF THE SUPERNATURAL marks; (2) using <edandlorrainewarren.com> and <seekersofthesupernatural.com> domain names; (3) enforcing or maintaining United States Registration No. 4894285 for the ED AND LORRAINE WARREN mark; (4) infringing Plaintiffs' rights in United States Copyright Registration Nos. Pau 3-769-603 and No. TX0000628075, including, but not limited to, by copying, creating derivative works based on the work, or distributing books, sound recordings, audio-visual works or other works in any format based on the work; (5) using the name, image or likeness of Ed and Lorraine Warren for any commercial purpose or otherwise; (6) enforcing or maintaining United States Copyright Registration Nos. PA0001929774, TX008079091

and TX0007994956; (7) falsely claiming authorship of any works created by the Warrens; and (8) interfering with Plaintiffs' economic relationships with third parties, including, without limitation, by sending takedown notices or other correspondence to third parties demanding that they cease selling or allowing Plaintiffs to sell various works using the Warrens' intellectual property rights;

C.    Enter an order directing Defendants and the registrar and registry for the <edandlorrainewarren.com> and <seekersofthesupernatural.com> domain names to transfer them to Plaintiffs;

D.    Enter an order directing the Defendants to file a voluntary cancellation of United States Copyright Registration Nos. PA0001929774, TX008079091 and TX0007994956 with the United States Copyright Office;

E.    Enter an order directing the Director of the USPTO to cancel U.S. Registration No. 4894285 for the ED AND LORRAIN WARREN mark;

F.    Enter an order of impoundment pursuant to 17 U.S.C § 503(a)(1)(A) impounding all copies of the Infringing Works in Defendants' possession, custody, control, or within its distribution channels;

G.    Enter an order requiring the destruction, pursuant to 15 U.S.C. § 1118, of: (1) all labels, signs, prints, packages, wrappers, receptables, and advertisements in the possession of Defendants bearing Plaintiffs' trademarks, (2) any materials bearing any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' trademarks; and (3) all plates, molds, matrices, and other means of making the same;

H.    Enter judgment in favor of Plaintiffs and against Defendants for damages as follows: (1) the amount of Plaintiffs' actual damages and Defendants' profits or, at Plaintiffs' election, statutory damages in the amount of $150,000 per infringement, pursuant to the Copyright Act, 17 U.S.C. § 504; (2) the amount of Plaintiffs' actual damages and profits derived from Defendants' infringement of Plaintiffs ED AND LORRAINE WARREN and SEEKERS OF THE SUPERNATURAL marks, and the costs

110284370.1

of the action, in accordance with 15 U.S.C. § 1117(a), and that such amounts be trebled pursuant to 15 U.S.C. § 1117(b); (3) statutory damages for cyberquatting in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1125(c); and (4) compensatory, consequential, punitive and other damages on each of Plaintiffs' other claims to the extent permitted by law;

I.      Enter judgment in favor of Plaintiffs and against Defendants for Plaintiffs'costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505 and 1203(b) and 15 U.S.C. § 1117(a)(3); and

J.      For such other relief as the Court deems just, equitable and proper.

Dated:  January 21, 2020                Respectfully submitted,

                                        LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                        By:  _/s/ Ross L. Crown_____
                                        ROSS L. CROWN, *Pro Hac Sponsor*
                                        201 Third Street NW, Suite 500
                                        Albuquerque, NM 87102
                                        Tel: 505-764-5402
                                        Fax: 505-764-5463
                                        RCrown@LRRC.com

                                        MICHAEL J. MCCUE, *Pro Hac To Be Submitted*
                                        3993 Howard Hughes Parkway, Suite 600
                                        Las Vegas, NV 89169
                                        Tel: 702-949-8224
                                        Fax: 702-949-8363
                                        MMccue@LRRC.com

                                        *Attorneys for Plaintiffs*

110284370.1