# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WARNER BROS ENTERTAINMENT, INC.;
NEW LINE PRODUCTIONS, INC.; JUDY
SPERA, *in her individual capacity and as the
personal representative and executrix of the
estate of Lorraine Warren*, and TONY SPERA,

        Plaintiffs,

vs.                                                                                                                               No. CIV 20-0062 JB/SCY

BEA LOYD A/K/A TAFFY SEALYHAM
A/K/A ALI MAZUREN A/K/A J. SMITH
A/K/A JANE SMITH; METAGALAXTIC,
LLC; OMNIMEDIA, LLC; COHEN
GOLDBERG & SMITH, LLC; SEEKERS OF
THE SUPERNATURAL, LTD.; SEEKER OF
THE SUPERNATURAL, LLC and FNU DOES
1-5,

        Defendants.

# ORDER[1]

        **THIS MATTER** comes before the Court on the Plaintiffs' Motion for Leave to File a Second Amended Complaint, filed September 22, 2020 (Doc. 32)("Motion"). The Court held a hearing on the Motion on May 21, 2021. See Clerk's Minutes at 1, filed May 21, 2021 (Doc. 55). The primary issue is whether the Court should allow Plaintiffs Warner Bros Entertainment, Inc., New Line Productions, Inc., Judy Spera, and Tony Spera, to file the Second Amended Complaint, where the Plaintiffs will add additional intellectual property and domain names to the Complaint, filed January 21, 2020 (Doc. 1), and will expound upon the basis for the Court's jurisdiction over foreign trademarks that Defendant Bea Loyd owns. The Court concludes that the Plaintiffs may

---

        [1]This Order disposes of the Motion for Leave to File a Second Amended Complaint, filed September 22, 2020 (Doc. 32). The Court will issue a Memorandum Opinion at a later date more fully detailing its rationale for the decision.

file the Second Amended Complaint, filed September 22, 2020 (Doc. 32-1), and a Third Amended Complaint, filed June 21, 2021 (Doc. 65-1), because allowing the Plaintiffs to amend the Complaint will provide the best opportunity for the Court to decide their claims on the merits, and because Loyd has filed already an answer to the Second Amended Complaint, see Responses to the Claims in the Second Amended Complaint Admissions and Denials, filed October 30, 2020 (Doc. 34); Draft Transcript of Hearing at 11:17-22 (taken May 21, 2021)(Court)("Tr.").[2]  The Court will therefore grant the Motion.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave" to amend a pleading where "justice so requires."  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)(quoting Hardin v. Manitowoc–Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). See Hernandez v. Grisham, 508 F. Supp. 3d 893, 973 (D.N.M. 2020)(Browning, J.)(denying leave to amend where amendment would be futile, because the plaintiff had not exhausted his administrative remedies).  None of these factors apply in this case; thus, in justice's interest, the Court will allow leave to amend.

At the hearing, the Court noted that Loyd had filed an answer already to the proposed Second Amended Complaint. See Tr. at 11:17-22 (Court).  The Court explained that it would:

---

[2]The Court's citations to the hearing's transcript refers to the court reporter's original, unedited versions.  Any final transcript may contain slightly different page and/or line numbers.

>  grant the motion . . . [and allow] the plaintiffs to file their complaint. . . . We'll let Ms. Loyd's document 34, the responses be her answer to it.  So she doesn't have to file another response or anything.  That will be treated as her response.  She went ahead and responded.  That's what I called an answer, Ms. Loyd.[3]  You called it a response, but we treat that as an answer to the complaint . . . .

Tr. at 12:10-21 (Court).  The Plaintiffs then explained that "two days ago we learned that Ms. Loyd actually filed for two additional trademark applications . . . so we'd like to file a third amended complaint that adds those registrations."  Tr. at 13:1-6 (Zhong).  The Plaintiffs noted that they would add only "one more paragraph and mention necessary additional trademark registrations and everything else would remain the same."  Tr. at 13:24-14:2 (Zhong).  The Court instructed the Plaintiffs to "go ahead and file your third amended complaint and then Ms. Loyd, you will have a chance to look at it and then you can respond to it."  Tr. at 16:7-10 (Court).  Loyd stated that this arrangement "works for her."  Tr. at 16:9-11 (Court, Loyd).  The Court concluded that it would grant the Motion, because "we're going to a third amended complaint and then Ms. Loyd, after she gets the filed copy, then she can prepare a response or an answer to the third amended complaint."  Tr. at 16:12-17 (Court).  Thus, for the reasons stated on the record, the Court will grant the Motion.  See Tr. at 3:5-13 (Court).

**IT IS ORDERED** that the Motion for Leave to File a Second Amended Complaint, filed September 22, 2020 (Doc. 32), is granted.

_____
UNITED STATES DISTRICT JUDGE

---

[3]Loyd appears pro se.

- 3 -

- 4 -

*Counsel and parties*:

Ross L. Crown
Meng Zhong
Michael J. McCue
Lewis Roca Rothgerber Christie LLP
Las Vegas, Nevada

    *Attorneys for the Plaintiffs*

Bea Loyd
Sheridan, Wyoming

    *Defendant pro se*