# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; NEW LINE PRODUCTIONS, INC., a Delaware corporation; JUDY SPERA, in her individual capacity and as the personal representative and executrix of the Estate of Lorraine Warren; and TONY SPERA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BEA LOYD (a.k.a. TAFFY SEALYHAM, ALI MAZUREN, J. SMITH, and JANE SMITH), an individual; METAGALAXTIC, LLC, a New Mexico limited liability company; OMNIMEDIA, LLC, a New Mexico limited liability company; COHEN GOLDBERG & SMITH, LLC, a New Mexico limited liability company; SEEKERS OF THE SUPERNATURAL, LLC, a New Mexico limited liability company; and Does 1-5,<br><br>Defendants. | Case No. 1:20-cv-00062-JB-SCY<br><br>FILED<br>UNITED STATES DISTRICT COURT<br>ALBUQUERQUE, NEW MEXICO<br><br>NOV 8 2022<br><br>MITCHELL R. ELFERS<br>CLERK |

## [PROPOSED] FINAL JUDGMENT FOR DEFAULT JUDGMENT

The Clerk of this Court, having previously entered a default against Defendants Metagalaxtic, LLC, a New Mexico limited liability company; Omnimedia, LLC, a New Mexico limited liability company; Cohen Goldberg & Smith, LLC, a New Mexico limited liability company; Seekers Of The Supernatural, LLC (collectively, "Defaulting Defendants") (ECF. No. 130), and this matter having come before the Court on Plaintiffs Warner Bros. Entertainment Inc., New Line Productions, Inc., Judy Spera (in her individual capacity and as the personal representative and executrix of the Estate of

Lorraine Warren) and Tony Spera's Motion for Entry of Default Judgment and Motion to Voluntarily Dismiss Plaintiffs' Remaining Claim, the Court finds that the Motion for Entry of Default Judgment is well taken and should be granted.

Therefore, the Court hereby enters final judgment against Defaulting Defendants for Lanham Act, 15 U.S.C. § 1114 (Count I), copyright infringement under 17 U.S.C. § 501 (Count V), and violation of rights of publicity under Connecticut law (Count VII).

Accordingly, a permanent injunction is entered against Defaulting Defendants enjoining them and their agents, servants, employees, attorneys, and her successors, and assigns, and all those acting in active concert or participation with any of them from:

1. Directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, copyrights in the Seekers of the Supernatural television series (as defined in ECF No. 81 at 5), including, but not limited to reproducing, preparing derivative works of, distributing of, filing copyright applications, maintaining copyright registrations, or enforcing copyright registrations covering the Seekers of the Supernatural television series.

2. Directly or indirectly infringing the ED AND LORRAINE WARREN and SEEKERS OF THE SUPERNATURAL trademarks or any mark that is confusingly similar thereto in any manner anywhere in the world, including but not limited to, utilizing the marks in domain names, and filing, for, maintaining, or enforcing any trademark registrations for the marks in foreign countries.

3. Directly or indirectly using Ed and Lorraine Warrens' names and likenesses for commercial purposes.

Additionally, pursuant to 17 U.S.C. § 504, the Court hereby enters statutory damages against Defaulting Defendants, jointly and severally, for $150,000.

Finally, pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505, the Court hereby awards Plaintiffs their fees and costs. Plaintiffs shall file their motion for fees and costs within 30 days of this Order. D.N.M.LR-Civ – 54.1-54.5.

Further, pursuant to Federal Rule of Civil Procedure 41(a)(2), and upon Plaintiffs' request, the Court hereby dismisses without prejudice the following remaining claims: Cancellation of Federal Trademark Registration under the Lanham Act, 15 U.S.C. § 1064 (Count II), Cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(c) (Counts III and IV); Cancellation of Copyright Registrations (Count VI); Common Law Trademark Infringement (Count VIII); Common Law Unfair Competition (Count IX); and Tortious Interference with Prospective Economic Advantage (Count X).

With no additional remaining claims to adjudicate in this matter, the Court enters this judgment as a Final Judgment.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE

*[handwritten annotation: "against all ∆'s"]*

11/8/22